TORRUELLA, Circuit Judge
(Dissenting).
Even viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, I remain unconvinced that a rational trier of fact could have found one of the “essential elements” of this crime beyond a reasonable doubt, United States v. Olivo-Infante, 938 F.2d 1406, 1409 (1st Cir.1991): that Azubike “knowingly and intentionally” possessed a controlled substance. 21 U.S.C. § 841(a).
While Azubike concedes that a rational jury could infer that he knew the briefcase *43 contained something illegal, Appellant’s Br. 29-30, the real question is whether there is sufficient evidence on this record to establish beyond a reasonable doubt that he knew it contained narcotic drugs. See United States v. Nieves-Castaño, 480 F.3d 597, 599 (1st Cir.2007) (“[KJnowledge that one is guilty of some crime is not the same as knowledge that one is guilty of the crime charged.” (emphasis in original)). After my own careful review of the Government’s evidence, I am simply unable to conclude that it was sufficient to support the finding that Azubike — any more than TNT Couriers, Musaka, or Kaggwa — knew of the drugs, especially considering the substantial efforts made by Solomon to conceal the nature of his business and, as the majority points out, the difficulties ICE had in uncovering the secret compartment containing the drugs. Indeed, several aspects of how this enterprise operated would seem to raise many of the same questions for the other persons involved in it as for Azubike — in particular, that they would be paid such a sum of money for their assistance in transporting the small amount of clothes that could fit into a briefcase, and that clothes for Sudanese refugees would be shipped in such unusual packaging. Had these other persons been charged under 21 U.S.C. § 841(a) on the present state of the record, they would face the same dilemma as Azubike, given the low threshold found by the majority to sustain culpability.
The simple fact is that what the Government proved could equally sustain a finding that Azubike believed he was carrying smuggled diamonds or other high-value contraband from Africa. In light of the degree of ambiguity in the evidence, the Government has not met its constitutional burden of establishing beyond a reasonable doubt that Azubike had the required criminal scienter with respect to the drugs. Hence, the district court should have granted Azubike’s motion for judgment of acquittal.
Because I would reverse and direct entry of a verdict of acquittal, I respectfully dissent.